UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

JOSHUA D. GALVIN,  )
 )
    Petitioner,  ) Civil Action No. 12-CV-119-HRW
 )
v.  )
 ) **MEMORANDUM OPINION**
MICHAEL SEPANEK, WARDEN,  ) **AND ORDER**
 )
    Respondent.  )

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Joshua D. Galvin is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution ("FCI"), located in Ashland, Kentucky. Proceeding without an attorney, Galvin has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the BOP has violated his right to due process of law by refusing to consider placing him in a Residential Re-Entry Center ("RRC") for more than 150-180 days. [D. E. No. 1] Galvin has paid the $5.00 filing fee. [*Id.*]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F.App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to §

1

2241 petitions under Rule 1(b)). The Court evaluates Galvin's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Galvin*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Galvin's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The Court will deny Galvin's § 2241 petition because, as explained below, the BOP has not violated his right to due process of law guaranteed by the Fifth Amendment to the United States Constitution.

## BACKGROUND

In January 2007, Galvin pleaded guilty to aiding and abetting an armed bank robbery, in violation of 18 U.S.C. § 2113(a), and to possessing a firearm during a and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(2). *United States v. Galvin*, No. 1:07-CR-2-MR-1 (W.D. N.C. 2007). On June 13, 2007, the district court sentenced Galvin to a 37-month prison term on the bank robbery conviction, and an 84-month prison term on the firearm conviction, for a total prison term of 121 months. [*Id.*, D. E. No. 32, therein] The BOP's official reflects that Galvin's projected release date is November 10, 2015. *See* http://www.bop.gov/inmateloc/(last visited on August 12, 2014).

In his § 2241 petition, Galvin states that he "…has served over 73% of his time and has a projected release date of November 11, 2105, without any "Half

2

Way House." [D. E. No. 1, p. 4, ¶ 10] The BOP administrative remedy responses attached to Galvin's § 2241 petition reveal that the Unit Team at FCI-Ashland evaluated him for RCC placement using the five criteria set forth in 18 U.S.C. § 3621(b), then recommended an RRC placement of 150-180 days prior to his projected release date.[1] Under that recommendation, Galvin will be transferred to an RRC either on or about May 10, 2015 (under a 180-day RRC placement), or on or about June 10, 2015 (under a 150-day RRC placement).

Galvin contends that a 150-180 day RRC placement is inadequate. He seeks an Order requiring the BOP to immediately place him in an RRC, based upon the provisions of 18 U.S.C. § 3621(b), which he contends expressly permits the BOP to place federal inmates in an RRC at *any time* during their period of confinement. Galvin contends that the BOP has arbitrarily refused to consider him for RRC placement until 150 days (five months) or 180 days (six months) before his sentence expires because the Second Chance Act, 2007, Pub. L. No. 110-199, § 2519(a), 122 Stat. 657, 692-93 (April 9, 2008); 18 U.S.C. § 3624(c), permits no more than a 12-month placement in an RRC. The Second Chance Act provides

---

[1] *See* D. E. No. 1-2, p. 3 [Staff's 2/18/14 Informal Resolution Response, recommending a 180-day RCC placement]; *id.*, p. 5 [Warden's 3/18/14 Response, verifying Galvin's placement in an RRC for 150-180 days prior to his release]; *id.*, p. 7 [BOP's Regional Office Director's 4/4/14 Response, affirming the Unit Team's recommendation of a 150-180 day placement in an RRC prior to Galvin's release]
   Galvin states that the BOP Central Office has not responded to his final administrative appeal. *See* D.E. No. 1-2, p. 8. Under the BOP's regulations, the lack of a response from the BOP is deemed a denial of the prisoner's administrative remedy request. *See* 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").

that the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c); *see also Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008).

Galvin maintains that BOP can, and should, immediately place him in an RRC based on authority given to it under § 3621(b); that the BOP is improperly relying on the Second Chance Act in denying his request for immediate RCC placement; and that the BOP's actions are arbitrary and capricious, and thus violate his right to due process of law.

## DISCUSSION

Galvin's arguments lack merit for several reasons. First, the Second Chance Act amended 18 U.S.C. § 3624(c)(1) to provide that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Second Chance Act § 251, 122 Stat. at 692. "As a result of this statute and the new 12-month maximum placement, the BOP issued guidance directing that 'inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates.'" *Ramirez v.*

4

*Eichenlaub*, No. 06-CV-1493, 2008 WL 4791892, 3 (E.D. Mich. Oct. 30, 2008) (quoting *Miller*, 527 F.3d at 755).

The law in this circuit is that the Second Chance Act does not automatically mandate, entitle, or guarantee, any prisoner placement in an RRC. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Lovett v. Hogsten*, No. 09-5605, 2209 WL 5851205, at *2 (6th Cir. Dec. 29, 2009); *Harris v. Hickey*, No. 10-CV- 135, 2010 WL 1959379, at *3 (E.D. Ky. May 17, 2010). The Second Chance Act only requires the BOP to *consider* placing an inmate in RRC for up to a 12–month period. *Demis*, 558 F.3d at 514 (emphasis added).

Second, the Second Chance Act mandates that the BOP make RRC placement decisions on an individual basis with reference to the criteria set forth in 18 U.S.C. § 3621(b), which provides:

> (b) **Place of imprisonment.**—The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
> > (1) the resources of the facility contemplated;
> >
> > (2) the nature and circumstances of the offense;
> >
> > (3) the history and characteristics of the prisoner;
> >
> > (4) any statement by the court that imposed the sentence—
> >
> > > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Here, the BOP's responses to Galvin's administrative remedies reveal that the FCI-Ashland Unit Team analyzed Galvin's eligibility for RRC placement by considering the five factors enumerated in § 3621(b), such as the nature of his criminal offenses, and determined that an RRC placement of five to six months (150-180 days) would be sufficient to enable Galvin to reintegrate successfully into society.

Galvin strongly disagrees with the Unit Team's recommendation, and cites several older cases from other jurisdictions in support of claims, but as *Demis* instructs, and analyzing Galvin's eligibility for RRC placement in accordance with § 3621(b) was all that the BOP was required to do, and the BOP has complied with its obligations under that statute. The BOP enjoys substantial discretion in applying the factors set forth in § 3621(b) to a prisoner's circumstances, and in determining how much time he will serve in an RRC. *McIntosh v. Hickey*, No. 10-CV-126, 2010 WL 1959308, at * 3 (E.D. Ky. May 17, 2010). Again "Although RRC placement is helpful for readjustment to society, a federal prisoner does not have a federal right to serve the final twelve months of his sentence in a RRC."

*Goosby v. Shartle*, No. 10-CV-0806, 2010 WL 2545344, at *2 (N.D. Ohio June 17, 2010).

Third, Galvin's argument that the BOP can and should transfer him to an RRC at this time, some fifteen months prior to his projected release date, is incorrect. The Second Chance Act is an unambiguous directive which prescribes the maximum amount of time for which federal inmates are eligible for pre-release placement in an RRC, and the BOP has no authority to enlarge this one-year-maximum period. *See Chevron U.S.A Inc. v. Nat'l Resources Defense Council, Inc.*, 467 U.S. 837, 842–43 (1984) ("First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the courts, as well as the agency, must give effect to the unambiguously expressed intent of Congress").

Fourth, Galvin's related argument--that he qualifies for an immediate placement in an RRC under the broad language of § 3621(b)--is also without merit. The Second Chance Act does provide that "[n]othing in this [provision] shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under [S]ection 3621[,]" but subsection (b) of § 3621 explains that the relevant analysis should be conducted by the BOP in connection with its general discretionary placement authority:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau *may* designate *any available penal or correctional facility* that meets minimum standards of health and habitability....

7

18 U.S.C. § 3621(b) (emphasis added). Nothing in the language of § 3621(b) obligates the BOP to place Galvin in any particular institution at any point of his confinement. Simply put, for the purposes of a transfer to a RRC, the more specific language of the Second Chance Act controls Galvin's placement, if any, rather than at the broad language of Section 3621(b). *See Kennard v. Holland*, No. 12-CV-200-KKC, 2013 WL 492365, at *2 (E.D. Ky. Feb. 8, 2013) (citing *Thomas v. Zickafoose*, No. 09-5667(NLH), 2010 WL 5186137 at *3 (D.N.J. Dec. 14, 2010)).

For these reasons, Galvin is not entitled to the relief which he seeks under § 2241 in this proceeding. His § 2241 petition will be denied and this action will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Joshua D. Galvin's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter an appropriate Judgment.

3. This matter is **STRICKEN** from the active docket.

This August 25, 2014.



Signed By
Henry R. Wilhoit Jr.
United States District Judge